NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ANTHONY J. BODDIE,**
*Petitioner,*

**v.**

**DEPARTMENT OF THE TREASURY,**
*Respondent.*

---

2014-3125

---

Petition for review of the Merit Systems Protection Board in No. DA-0752-13-0139-I-1.

---

Decided: November 12, 2014

---

ANTHONY J. BODDIE, of Dallas, Texas, pro se.

GREGG PARIS YATES, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were STUART F. DELERY, Assistant Attorney General, ROBERT E. KIRSCHMAN, JR., Director, and DEBORAH A. BYNUM, Assistant Director.

---

Before TARANTO, BRYSON, and HUGHES, *Circuit Judges.*

PER CURIAM.

## DECISION

Anthony J. Boddie seeks review of a decision of the Merit Systems Protection Board upholding his removal from his position with the Internal Revenue Service. We affirm.

## BACKGROUND

Mr. Boddie worked for the IRS as a Contact Representative. In that capacity, he was responsible for assisting taxpayers and educating them regarding their responsibilities under the federal tax code.

Mr. Boddie failed to timely pay his federal income taxes in 2007, 2008, 2009, and 2010. He was suspended from duty and pay for a period of five calendar days for failing to timely pay his 2007 and 2008 taxes, and he was suspended from duty for a period of thirty calendar days for failing to timely pay his 2009 taxes.

Effective December 7, 2012, the IRS removed Mr. Boddie from his position based on the charge that he had failed to pay the balance due on his 2010 federal income taxes by the due date, April 18, 2011. The balance due was not paid in full until November 12, 2011. In the notice of proposed removal, the agency referred to Mr. Boddie's prior disciplinary record, including his suspensions for not paying his 2007, 2008 and 2009 federal income taxes when due. The agency noted that, despite being put on clear notice of his obligation to pay his federal income taxes on a timely basis, Mr. Boddie had made no changes to his W-4 withholding to avoid having a balance due in 2010, which he again failed to pay in full when payment was due. The agency further stated that Mr. Boddie's actions constituted a violation of Office of Government Ethics ("OGE") Standards of Ethical Conduct for Employees of the Executive Branch, Section 2635.809, which states, in relevant part, that "[e]mployees shall

satisfy in good faith their obligations as citizens, including all just financial obligations, especially those such as Federal, State or local taxes that are imposed by law . . . ." *See* 5 C.F.R. § 2635.809.

Mr. Boddie appealed his removal to the Merit Systems Protection Board. The administrative judge who was assigned to the case affirmed the agency's removal decision based on the following findings. First, the administrative judge found that the agency had proved that Mr. Boddie had failed to timely pay the balance due on his 2010 federal income taxes, as Mr. Boddie admitted. Second, the administrative judge agreed with the agency that removing Mr. Boddie promoted the efficiency of the service. The administrative judge found that the agency had shown the required nexus between Mr. Boddie's misconduct and the efficiency of the service because of the relationship between his duty as an IRS Contact Representative to educate taxpayers as to their tax responsibilities and his failure to make timely payment of his own income taxes. Finally, the administrative judge found that the penalty of removal was reasonable in light of the evidence, including Mr. Boddie's repeated failures to pay his taxes when due, and the fact that he had previously been suspended for the same offense and had not changed his behavior.

Mr. Boddie petitioned the full Board for review of the initial decision. The Board affirmed, agreeing with the administrative judge that the IRS had proved that Mr. Boddie's removal would promote the efficiency of the service, and that the penalty of removal was reasonable. The Board rejected Mr. Boddie's argument that the IRS had failed to consider his medical condition as a mitigating factor in imposing the penalty. The Board noted that both the agency and the administrative judge had acknowledged Mr. Boddie's hypertension, but it rejected the claim that he had failed to pay his taxes on time because of his condition. The Board also rejected Mr.

Boddie's assertion that other employees were given lesser penalties for the same misconduct. The Board noted that Mr. Boddie had identified no other employees who were similarly situated, i.e., having been suspended twice for the same misconduct and put on notice of the possibility of removal if the misconduct recurred. Finally, the Board addressed Mr. Boddie's argument that he had not violated OGE § 2635.809, as the agency's notice of proposed removal and decision letter stated. The Board first noted that, while the agency had referenced section 2635.809, the official charge against Mr. Boddie rested on his failure to timely pay his 2010 income taxes, not on the section 2635.809 violation. In any event, the Board ruled that Mr. Boddie's conduct violated the OGE standard because Mr. Boddie had failed to satisfy his obligation to pay taxes timely "especially given his agency employment."

## DISCUSSION

Mr. Boddie challenges the Board's decision primarily on three grounds. First, he argues that the Board incorrectly found that he violated OGE § 2635.809. Second, he argues that the agency failed to prove that removing him would promote the efficiency of the service, in light of his twelve years of service. Third, he claims that the Board failed to consider the harassment and unfair treatment he had suffered during his employment with the IRS.

1. In arguing that he did not violate OGE § 2635.809, Mr. Boddie appears to contend that the agency must prove he violated section 2635.809 in order to remove him. We disagree. In its notice of proposed removal and decision letter, the agency stated that it considered Mr. Boddie's conduct to be a violation of OGE § 2635.809. Those documents, however, made clear that the reason for Mr. Boddie's removal was his failure to make timely payment of his 2010 income taxes. That conduct alone was sufficient to support his removal, particularly in light of the nature of his position and his two prior suspensions

for the same misconduct. Therefore, the Board correctly held that the agency was not required to show a violation of section 2635.809 to justify the removal of Mr. Boddie.

Even if the agency's removal decision had been based, in whole or in part, on the alleged section 2635.809 violation, the Board's finding that Mr. Boddie violated that provision would be supported by substantial evidence. The OGE standard states, in relevant part, that "[e]mployees shall satisfy in good faith their obligations as citizens, including all just financial obligations, especially those such as Federal, State, or local taxes that are imposed by law . . . . In good faith means an honest intention to fulfill any just financial obligation in a timely manner." 5 C.F.R. § 2635.809. The Board found that Mr. Boddie, by his own admission, had failed to satisfy his obligation to pay taxes timely, even though he ultimately paid the amount due some seven months after the due date. On appeal, Mr. Boddie emphasizes that he had an "honest intention" to fulfill his tax obligation "in a timely manner," given that he acknowledged the debt, established an installment agreement, and eventually paid the debt. Mr. Boddie's protestation of his "honest intention," however, is undermined by his repeated failures to pay his taxes in full by the due date, and that he did not change his behavior even after being suspended twice for the same misconduct. The Board did not err in finding that Mr. Boddie had failed to satisfy his tax obligations in good faith as required by section 2635.809.

2. Mr. Boddie next argues that the agency did not prove how removing him would promote the efficiency of the service, because he had been an excellent employee for the IRS for twelve years. That argument fails to address the reason for the agency's removal decision. The agency did not remove Mr. Boddie because of poor performance. It removed him because, while serving as a Contact Representative responsible for assisting and educating taxpayers regarding their tax obligations, Mr. Boddie had

repeatedly flouted those same obligations. The Board found that it is of "paramount importance" that IRS employees voluntarily comply with the tax laws, and it reasonably concluded that ensuring such compliance is a legitimate government interest sufficient to establish a nexus between Mr. Boddie's removal and the efficiency of the service.

3. Mr. Boddie further argues that the Board failed to consider the harassment and discrimination he claims to have suffered during his employment with the IRS. Specifically, Mr. Boddie alleges that his agency representative "harassed [and] discriminated [against]" him by "intentionally [giving him] lower evaluations due to [his] hypertension."

As for his claim of harassment, Mr. Boddie contends his supervisors improperly charged him with being absent without leave and gave him unfair evaluations. Mr. Boddie argues that his performance should have been evaluated more favorably and that, because of his hypertension, his absences should not have been held against him. As noted above, however, the agency did not weigh Mr. Boddie's performance or his absences against him in its removal decision. In fact, the agency acknowledged that Mr. Boddie's performance was "exceptional," and it considered his performance as a mitigating factor in assessing penalties. The alleged harassment that Mr. Boddie claims to have suffered does not bear on the issue of whether the agency properly removed him for failing to timely pay his 2010 income taxes. Nor does any of the alleged misconduct by agency officials excuse Mr. Boddie's failure to pay his taxes on a timely basis.

Mr. Boddie's allegation of discrimination, like his allegation of harassment, appears to relate to his hypertension. To the extent that he contends the agency improperly charged him with absence without leave and downgraded his performance without taking his hyper-

tension into account, his removal was not based on his performance ratings or attendance records. To the extent that he contends that he suffered discrimination based on disability, as referenced in 5 U.S.C. § 7702(a)(1)(B), such a claim is not within this court's jurisdiction, which under 5 U.S.C. § 7703(b) does not extend to such discrimination claims.

Mr. Boddie alleged before the Board that he was unable to pay his taxes in timely fashion because of his hypertension. The Board rejected Mr. Boddie's argument, finding that he failed to show how the condition had impaired his ability to pay taxes when due. We see no error with the Board's finding on that issue.

4. Mr. Boddie further contended before the Board that the penalty of removal was too severe and was greater than the penalties imposed on other employees who failed to pay their taxes on time. The Board found that removal was a reasonable penalty in this case, considering Mr. Boddie's prior disciplinary record for the same misconduct. The Board also found that Mr. Boddie failed to identify other employees who were in situations comparable to his. Our review of the penalty imposed by an agency is "highly deferential," and a petitioner seeking reversal of the agency's penalty choice must show that the penalty is "grossly disproportionate to the offense charged." *Bieber v. Dep't of Army*, 287 F.3d 1358, 1365 (Fed. Cir. 2002). Mr. Boddie has not shown that the penalty of removal was grossly disproportionate to his offense under the circumstances of this case.

**AFFIRMED**